UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62166-RUIZ/STRAUSS

RAYMOND VICTOR, *et al.*,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STAY AND/OR BIFURCATE PATTERN AND PRACTICE DISCOVERY[1]

THIS MATTER came before the Court upon Defendant's Motion to Stay and/or Bifurcate Pattern and Practice Discovery [DE 31] ("Motion"). I have reviewed the Motion, the Response [DE 33] and Reply [DE 36] thereto, and all other pertinent portions of the record.

**A. Background**

In this action, Plaintiffs bring a statutory bad faith claim against Defendant pursuant to sections 624.155 and 626.9541 of the Florida Statutes. In the Amended Complaint [DE 20], in addition to alleging that Defendant acted in bad faith in connection with their individual claim, Plaintiffs allege that Defendant's actions related to Plaintiffs' individual claim are indicative of Defendant's general business practices. [DE 20] ¶ 57. Plaintiffs previously pursued a breach of contract claim against Defendant, were issued an appraisal award, and obtained confirmation of that appraisal award and a final judgment in their favor in state court. Therefore, as the District

---

[1] This case has been referred to me, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for appropriate disposition of all pretrial discovery matters [DE 29].

Court has already found, this case is not premature (notwithstanding Defendant's complaints about the appropriateness of the final judgment Plaintiffs obtained in state court). *See* [DE 18] ¶ 2. In the Motion, Defendant requests a stay of any discovery regarding its general business practices, contending that such discovery would not become relevant unless and until Plaintiffs establish that Defendant acted in bad faith in connection with Plaintiffs' individual claim. If such discovery is not stayed, Defendant contends that Plaintiffs are required to post the costs of discovery under section 624.155 of the Florida Statutes.

**B. Relevance of Discovery Regarding Defendant's General Business Practices**

As discussed in this section, the Court finds, as a general matter, that Defendant's general business practices – related to the types of acts alleged in the Amended Complaint[2] – are relevant for purposes of discovery.

Defendant begins the argument section of its Motion by stating that "Plaintiffs have not established a viable cause of action pursuant to section 624.155, Florida Statutes. It necessarily follows then, that as of the date of this Motion, Plaintiffs have not shown that they are entitled to discovery into Scottsdale's general business practices." Motion at 5. This argument, however, is unavailing given that the District Court has already denied Defendant's motion to dismiss the Amended Complaint. *See* [DE 25]. In fact, the District Court did so prior to Defendant's filing of the instant Motion, and in its Order [DE 25], the District Court specifically found that the Amended Complaint "satisfies the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure" and "properly asserts a claim for bad faith under section 626.9541 of the Florida Statutes with the requisite specificity."

---

[2] *See* [DE 20] ¶ 57 (alleging that "[t]he acts alleged in this Complaint constituted [Defendant's] general business practices").

Defendant separately contends that discovery regarding its general business practices would not become relevant and discoverable unless and until Plaintiffs demonstrate that Defendant acted in bad faith in connection with Plaintiffs' individual claim.  "Federal Rule of Civil Procedure 26(b)(1) [] sets forth the general scope of discovery: 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting Fed. R. Civ. P. 26(b)(1)).  "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  "[T]he Rules 'strongly favor full discovery whenever possible.'" *Id.* (quoting *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013)).  In fact, "[t]he Supreme Court has stressed on multiple occasions the need to construe the Rules liberally to allow for robust discovery." *Id.* (collecting cases).

Here, the Amended Complaint (which the District Court has already declined to dismiss) raised the issue of Defendant's general business practices,[3] and discovery regarding Defendant's general business practices is plainly relevant to the issue of punitive damages.[4]  Under section 624.155 of the Florida Statutes:

---

[3] Notably, in its prior motion to dismiss the Amended Complaint, Defendant specifically complained about the adequacy of the allegations in paragraph 57 of the Amended Complaint (regarding Defendant's general business practices).  *See* [DE 23] at 5-6.  As indicated above, however, the District Court rejected Defendant's complaint regarding the sufficiency of the allegations in denying Defendant's motion to dismiss.  *See* [DE 25].

[4] I note that the Amended Complaint requests, *inter alia*, "bad faith damages including all extra-contractual damages permissible by law." [DE 20] at 9 & ¶ 60. It does not, however, specify "punitive damages."  Nonetheless, in the Motion, Defendant seems to acknowledge that it has been put on notice that Plaintiffs are seeking punitive damages in the Amended Complaint.  *See* Motion at 10 (emphasis added) ("Section 625.155(5) . . . requires that Plaintiffs post in advance the costs of discovery related to *its claim for punitive damages*."); Motion at 11 (emphasis added)

3

> (8) Punitive damages may not be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:
>
> (a) Willful, wanton, and malicious;
>
> (b) In reckless disregard for the rights of any insured; or
>
> (c) In reckless disregard for the rights of a beneficiary under a life insurance contract.

§ 624.155(8), Fla. Stat.[5]  Thus, in order to obtain an award of punitive damages, in addition to satisfying subsection (a), (b), or (c), Plaintiffs will be required to prove that "the acts giving rise to the violation[s] [in this case] occur with such frequency as to indicate a general business practice" of Defendant.  *Id.*  As such, Defendant's general business practices are relevant here.

In arguing otherwise, Defendant attaches three orders (from cases in the Middle District of Florida) to its Motion, asserting that the type of relief Defendant seeks in the Motion was granted in those cases.  However, in the first order attached to the Motion, the court only bifurcated the issues – (1) bad faith in the individual plaintiff's underlying case and (2) defendant's general business practices – for purposes of *trial*, not *discovery*.  *See* [DE 31-1].[6]  The Court did not, as Defendant contends, "reject[] allowing such premature *discovery*" regarding general business practices.  Motion at 7 (emphasis added).  In fact, earlier orders in the case reveal that the court

---

("Plaintiffs have asserted a claim for damages under section 624.155. To the extent that Plaintiffs seek any pattern and practice discovery *to support Plaintiffs' claim for extracontractual or punitive damages* . . . .").  Since Defendant's Motion treats the Amended Complaint as a pleading that includes a prayer for punitive damages, I do the same.

[5] Prior to March 24, 2023, this punitive damages provision was set forth in subsection (5) rather than subsection (8) of section 624.155.  Additionally, two words in the punitive damages provision were changed as part of the recent amendments to the statute, but the changes to those two words were stylistic, not material.

[6] The court bifurcated the issues for trial, indicating that the parties *agreed* that "before pattern and practice evidence becomes relevant, plaintiff must first prove that defendant acted in bad faith in the underlying action." [DE 31-1].  As Plaintiffs note in their response to the Motion, no such agreement exists here.

4

agreed with the plaintiff that it was entitled to certain discovery regarding the defendant's general business practices (the court initially determined that the plaintiff was entitled to such discovery in May 2013, nearly a year before it bifurcated the aforementioned issues for trial). *See First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, No. 3:12-CV-281-J-32MCR, 2013 WL 5928970, at *1-3 (M.D. Fla. Nov. 1, 2013); *see also First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, No. 3:12-CV-281-J-32MCR, Dkt. No. 54 (M.D. Fla. May 15, 2013).

While Defendant's characterization of the first order attached to its Motion is partially inaccurate (for the reasons noted in the preceding paragraph), Defendant is correct that the second and third cases it has identified effectively stayed or bifurcated discovery regarding general business practices, requiring the parties to proceed with discovery regarding the individual bad faith claims of the plaintiffs before turning to discovery regarding the insurer's general business practices. Nonetheless, the second order and third order attached to the Motion provide limited explanation regarding this specific issue. *See* [DE 31-2], [DE 31-3]. Defendant, however, emphasizes the following portion of the third order:

> Material to determining bad faith is whether the insurer acted with reasonable diligence and ordinary care with regard to the insured's interest. Thus, the manner in which the Defendant may or may not have handled other claims is not relevant to this case because each claim is a factual matter that must be handled in [sic] case by case method.

[DE 31-3] at 7-8.

Although I agree with Defendant that its general business practices would generally not be relevant to a bad faith claim standing alone, the fact that Plaintiffs seek punitive damages and that they have included allegations in the Amended Complaint putting Defendant's general business

5

practices at issue make Defendant's general business practices relevant here.[7] I am not alone in so finding; other persuasive case law, including cases in this district, have similarly found discovery regarding an insurer's general business practices to be relevant in this context. *See Woolbright v. GEICO Gen. Ins., Co.*, No. 12-21291-CV, 2012 WL 12864931, at *9-10 (S.D. Fla. Nov. 16, 2012); *Sandalwood Ests. Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 09-80787-CIV, 2010 WL 11505988, at *1-2 (S.D. Fla. Oct. 20, 2010); *Hurley Mayfair House Ass'n, Inc. v. QBE Ins. Corp.*, No. 09-80359-CIV, 2010 WL 472827, at *4 & n.4 (S.D. Fla. Feb. 5, 2010).

With the foregoing in mind, this Order should not be construed to permit Plaintiffs to pursue general business practices discovery without limitation. After all, the rules place other limitations, beyond relevance, on discovery (with the concept of proportionality being of paramount importance). *See* Fed. R. Civ. P. 26(b); *see also First Coast Energy, L.L.P.*, 2013 WL 5928970, at *2-3 (placing certain limits on discovery regarding general business practices). At this time, all that the Court is ordering is that it will not impose a blanket prohibition or stay on general business practices discovery.

**C. Whether Plaintiffs Must Post the Costs of Discovery Before Obtaining Discovery Regarding Defendant's General Business Practices**

The punitive damages subsection of section 624.155 provides that "[a]ny person who pursues a claim under this subsection shall post in advance the costs of discovery" and that "[s]uch costs shall be awarded to the authorized insurer if no punitive damages are awarded to the plaintiff." § 624.155(8). Defendant contends that the foregoing portion of section 624.155 applies

---

[7] In its Reply, Defendant does appear to imply that Plaintiff's Amended Complaint does not seek punitive damages and that general business practices discovery is therefore not relevant. *See* [DE 36] at 6. But this implication is at odds with Defendant's statements in the Motion, wherein Defendant expressly indicates that Plaintiffs' Amended Complaint is seeking punitive damages. *See supra* note 4; Motion at 10-11.

in this case. Plaintiffs disagree, contending that neither the Federal Rules of Civil Procedure nor the Local Rules of this Court require Plaintiffs to post the costs of discovery. Neither the Motion nor the Response cite any case law (only the Reply does), or provide an extensive analysis, regarding whether the costs provision of section 624.155(8) applies in diversity jurisdiction cases brought in federal court. While few cases have decided the issue, I have reviewed cases with divergent outcomes, including the case law cited in the Reply and other case law. *Compare, e.g.*, *First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, 286 F.R.D. 630, 632-35 (M.D. Fla. 2012) (finding costs provision applied), *with Precisionare, Inc. v. Liberty Mut. Ins. Co.*, No. 8:04-CV-1939- T-17EAJ, 2006 WL 2508090, at *1 (M.D. Fla. Aug. 29, 2006) (finding costs provision did not apply). I find the rationale, and the analysis of the *Erie*[8] factors, in *First Coast Energy* to be persuasive. Succinctly, the court explained in that case, *inter alia*, that the statute is not in direct collision with the Federal Rules of Civil Procedure, and that although the statute is procedural in part, it is also substantive in part, especially (and significantly) insofar as it requires a plaintiff to forfeit the cost bond the plaintiff is required to post if the plaintiff is unsuccessful in recovering punitive damages. *See First Coast Energy, L.L.P.*, 286 F.R.D. at 632-35.

In addition to arguing that the cost bond requirement applies, Defendant states that Plaintiffs should not be permitted to serve general business practices discovery at this time given that Plaintiffs have not posted a discovery bond. Although I agree with Defendant that the bond requirement applies in this case, I do not agree with Defendant's argument that Plaintiffs should be prohibited from *serving* general business practices discovery until they post a bond. That is because posting a bond now would be premature. An appropriate bond can only be determined after Plaintiffs serve their requests and after Defendant determines the costs associated with

---

[8] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

producing discovery responsive to requests that are only relevant to Defendant's general business practices. Moreover, even after that occurs, the parties will be required to confer in good faith over discovery objections and over the amount of any cost bond. Only after extensive good faith conferral occurs may the parties present any discovery dispute regarding the amount of any cost bond to the Court (if such conferral is unsuccessful). In this regard, the parties shall carefully review the Court's Discovery Procedures Order. *See* [DE 32, 34].

### D. Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion [DE 31] is **DENIED**.[9]

**DONE AND ORDERED** in Fort Lauderdale, Florida this 18th day of April 2023.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[9] Defendant's request that Plaintiffs be required to post a discovery bond is denied without prejudice.